NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EFRAIN RAMIRO ROMERO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-72300 Agency No. A072-900-374 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Efrain Ramiro Romero, a native and citizen of Colombia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for deferral of removal

under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's denial of deferral of removal under the CAT because Romero failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Colombia. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

Romero's contentions that the IJ failed to consider all relevant evidence and misstated facts fail as unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency need not write an exegesis on every contention); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**